[No. 10753.   Department One.   February 19, 1913.]

CIRIACO D'AMBROSIO, *Respondent*, v. FRANCISCO NARDONE et al., *Appellants*.[1]

LANDLORD AND TENANT — SUBTENANTS — ATTORNMENT—RIGHTS OF SUBLESSEES—CONSIDERATION FOR ASSIGNMENT.  Where a lessor ratified an assignment of a lease by accepting attornment from the sublessees, and was willing that the court should decide as to who were his tenants, he is estopped to deny the right of the sublessees to attorn under the lease; hence they cannot defend an action for the purchase price of the lease by asserting failure of consideration and failure to procure an assignment of the lease.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 9, 1912, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage.   Affirmed.

*H. M. Dalton (James B. Metcalfe and J. Vernon Metcalfe, of counsel), for appellants.*

*Oscar G. Heaton and Douglas, Lane & Douglas, for respondent.*

[1]Reported in 129 Pac. 1092.

CHADWICK, J.—Plaintiff was the lessee of a certain five-acre tract which was devoted to truck farming. He had a lease for a term of four years. He sold his "business and lease" to defendants, who went into possession and have paid four half-yearly rent payments, three to plaintiff and one to the original lessor. One of the covenants of the lease is that the lessee will not assign or sublet the property without the written consent of the lessor. Default being made in the payment of the note given in payment for the business and lease, this action was begun, and defendants have answered, pleading a failure of consideration in that plaintiff has never procured an assignment of the lease.

The court found that the original lessor, who was a witness at the trial, had ratified the assignment by accepting an attornment from the defendants. The testimony is ample to justify this conclusion. There is some suggestion that the rent paid the original lessor was paid to his son who acted as his agent, and that his act has not been ratified. The lessor did not repudiate the conduct of his son when he was upon the stand in this case as a witness. He said that he was willing that the court should decide as to whether the lessee or these defendants were his tenants. This would estop him to deny the right of the defendants to attorn under the lease.

The judgment of the lower court is affirmed.

CROW, C. J., PARKER, GOSE, and MOUNT, JJ., concur.